■ STATE OF NEW YORK, Appellant, v KENNETH J. SILVERMAN, Respondent. (Matter No. 1.) STATE OF NEW YORK, Appellant, v KENNETH J. SILVERMAN et al., Respondents. (Matter No. 2.)—In two related matters pursuant to CPLR article 52 to enforce a judgment against the respondent Kenneth J. Silverman, the State of New York appeals, as limited by its notices of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Delaney, J.), entered February 8, 1988, as denied its request for a hearing to determine the respondent Kenneth Silverman's interest, if any, in the Manufacturer's Hanover Trust Account of the respondent J.B. Elias, Inc.

Ordered that the order is affirmed insofar as appealed from, with costs.

In a criminal prosecution for Medicaid fraud conducted by the office of Edward J. Kuriansky, Deputy Attorney-General for Medicaid Fraud Control, on behalf of the State of New York, Kenneth Silverman pleaded guilty to three counts of grand larceny in the second degree, and was, *inter alia,* ordered to make restitution to the State in the amount of $1,000,000. Silverman signed a confession of judgment in that amount. Upon his failure to make restitution the State, again represented by the office of Deputy Attorney-General Kuriansky, commenced a turnover proceeding against Silverman, J.B. Elias, Inc. (hereinafter Elias), and Joan Silverman and Paul Moorefield, principals of Elias, alleging, *inter alia,* that a certain bank account in the name of J.B. Elias contained an asset of Silverman, to wit, a $3,000 debt allegedly owed to Silverman by Elias.

Meanwhile, the State sought to have Silverman imprisoned pursuant to CPL 420.10 (3) for his failure to make full restitution. During a more than two-week-long hearing, the State endeavored, unsuccessfully, to establish that Silverman had an asset in the form of the $3,000 debt allegedly owed him by Elias. At the conclusion of the hearing, the court determined, among other things, that Elias was not indebted to Silverman. Upon the State's motion to renew, in support of which was submitted affidavits submitted by the respondents in the turnover proceeding, the court reaffirmed that finding.

Under the circumstances of this case, we conclude that the court properly applied the doctrine of collateral estoppel, thereby precluding relitigation of the issue of whether Elias was indebted to Silverman. In this regard, the State failed to meet its burden of establishing that it did not have a full and fair opportunity to litigate this issue during the course of the prior criminal action (see, *Kaufman v Lilly & Co.*, 65 NY2d 449). In fact, the record establishes that the State was afforded such an opportunity. On balance, we conclude that the application of the collateral estoppel doctrine was appropriate under the circumstances herein present (see, *Staatsburg Water Co. v Staatsburg Fire Dist.*, 72 NY2d 147; *Gilberg v Barbieri*, 53 NY2d 285).

We have considered the remaining contentions raised by the State and find them to be without merit. Brown, J. P., Eiber, Harwood and Rosenblatt, JJ., concur.